## IN RE PETITION OF D. C. HEY COMPANY, INC., TO DETERMINE OBJECTIONS TO PERSONAL PROPERTY TAXES v. COUNTY OF HENNEPIN.

226 N. W. 2d 300.

February 7, 1975—No. 44973.

*Gary W. Flakne,* County Attorney, and *David E. Culbert,* Assistant County Attorney, for appellant.

*Popham, Haik, Schnobrich, Kaufman & Doty* and *Rolfe A. Worden,* for respondent.

Heard before Peterson, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

This is an appeal by Hennepin County from a judgment of the district court. The court found that certain personal property of the petitioner was exempt from personal property taxation as "inventory" within the meaning of Minn. St. 1969, § 272.02

(11) (a),[1] and directed the county to refund the wrongfully collected taxes with interest from the date the taxes were paid.

■  D. C. Hey Company, Inc., petitioner, is a Minnesota corporation whose principal business is the sale and rental of copying machines. Petitioner made a valid election under § 272.02 (11) to exempt from personal property tax all of its inventory. The city assessor ruled, however, that leased copying machines did not qualify as inventory within the terms of the statute.

The bulk of the testimony at trial centered around the methods and practices by which petitioner sold and leased its copiers. When copying machines were placed in customers' offices, no leases or formal arrangements of any nature were entered into. The customers were billed monthly for the month or part thereof that the equipment was used. Both parties to the agreement had the right to terminate the arrangement at will. When the machines were removed from the customers' premises, there was no further obligation to pay rent; any prepaid rent would be refunded on a pro rata basis. This right of termination had been exercised in the past by both petitioner and its customers.

Petitioner does not consider its copiers to be rented on a long-term basis. Rather, the equipment is said to be placed in a customer's office only prior to a sale, as if on a trial basis. If the customers do purchase the copiers, petitioner applies the rental payments toward the purchase price. A representative of petitioner further testified that immediate, direct sales were

---

[1] Minn. St. 1969, § 272.02 (11), provided in relevant part: "(11) The taxpayer shall elect whether to be exempted with respect to category (a) or (b) as hereinafter defined.

"(a)   All inventories, stocks of merchandise of all sorts, manufacturers material, manufactured articles including the inventories of manufacturers, wholesalers, retailers and contractors; * * * or

"(b)   Tools and machinery which by law is considered as personal property used or useable in construction of buildings or highways or in the manufacture, processing, production, sale or distribution of marketable products including but not limited to goods, wares and merchandise and processing of food and fiber."

almost never made, and that copiers were almost always rented out on a trial basis first. As rental payments were made, petitioner treated the payments as income derived from equipment sales, rather than as pure rental income. As a result, petitioner alleges that all of its machines were really being sold to its customers.

The question becomes, then, whether the copiers herein involved qualify as inventory within the meaning of Minn. St. 1969, § 272.02(11)(a).[2] We have dealt with analogous situations on two occasions. In Olson Equipment Co. v. City of Minneapolis, 285 Minn. 146, 171 N. W. 2d 717 (1969), the issue was whether leased construction equipment was "inventory" of the owner-lessor within the meaning of the tax statute presently at bar. Olson both sold and leased construction equipment; if a lessee subsequently decided to purchase his rented equipment, a credit was made on the purchase price for the rentals paid.

We there held (285 Minn. 147, 171 N. W. 2d 718):

"The word 'inventory,' unclarified by references to or dependence upon other tax provisions, has meanings which vary with its use. It can mean the process of cataloging stock, the value of stock, a list of things on hand, or the things themselves. Used to refer to the objects themselves, it does not naturally embrace certain objects and eliminate others. The foremost concept in the word as it is used in the Tax Reform and Relief Act, in our view, is an availability for sale in the ordinary course of business. The definitions in the authorities cited by both appellant and respondents likewise seem to establish this as a common denominator."

Olson contended that its leased equipment fulfilled the test of being available for sale because it was at all times willing to sell the leased items. We held, however, that the power to sell leased

---

[2] Our decision here will have limited precedential value. The legislature has now eliminated the taxpayer's option to choose between exempting inventories or tools and machinery, and has exempted both categories of property. Ex. Sess. L. 1971, c. 31, art. XXII, § 3.

equipment was limited by the fact that the lessee was entitled to retain the equipment as long as he met the terms of the lease. Since such equipment could not be salable to the general public in the ordinary course of business, it was held that the equipment was not within the category of exemptible inventory.

The Olson definition of inventory was reaffirmed in County of Hennepin v. Honeywell, Inc. 297 Minn. 112, 210 N. W. 2d 38 (1973). There, petitioner leased electronic data processing equipment to customers, and the leases included elaborate purchase options. As long as the terms of the lease were followed, the lessee retained the right of possession and the equipment could not be sold to another customer. Olson was held to control those facts, and we affirmed the denial of the inventory exemption.

The relationship between the petitioner in this case and its customers, however, is very different from the relationships in Olson and Honeywell. Unlike those cases, petitioner here had the right to secure the immediate possession of the copiers in the custody of its customers. The equipment could be, and had been, taken out of the premises of a customer (or potential customer) for sale to another customer. Petitioner asserts, and we agree, that the loss of control fatal to both Olson and Honeywell is not here present.

The trial judge found, and we agree, that petitioner had complete control and dominion over its copiers, and that the equipment was always available for sale or rental to other parties. When copying machines were rented out, they were rented as incidental and incentive to potential sales. Since the machines were, at all times, available for sale in the ordinary course of business, the trial court properly held them to be includable as exempt inventory. We affirm this holding of the trial court.

■ The trial court also determined that the petitioner was entitled to interest on its tax refund from the date of payment of the tax until the date of refund. In a companion case filed today, General Mills, Inc. v. State, 303 Minn. 66, 226 N. W. 2d 296 (1975), we held that petitioners are entitled to interest

on refunds of illegally collected personal property taxes from the date a petition for refund is filed until the date of payment. We accordingly reverse and remand with direction to modify the judgment for interest in conformity with that holding.

Affirmed in part; reversed and remanded in part.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.