## MINNESOTA ENTERTAINMENT ENTERPRISES, INC. v. STATE AND ANOTHER. COUNTY OF HENNEPIN, APPELLANT.

235 N. W. 2d 390.

November 14, 1975—No. 45157.

*Gary W. Flakne,* County Attorney, and *David E. Culbert* and *Paul R. Jennings,* Assistant County Attorneys, for appellant.

*Larkin, Hoffman, Daly & Lindgren, James P. Larkin,* and *Robert W. Junghans,* for respondent.

Heard before Rogosheske, Todd, and Scott, JJ., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

In proceedings pursuant to Minn. St. 278.01, respondent taxing authorities appeal from a judgment reducing the market value of land as of January 2, 1970, for taxes payable in 1971, then owned by petitioner. The dispositive issue is whether the trial court's findings determining the market value of the subject property are clearly erroneous. Since the evidence supports the findings and determination as to market value, we affirm but remand for modification of the allowance of prejudgment interest to allow interest from the date of filing the petition for refund or from the date of payment of the 1971 taxes, whichever is later.

The subject property is approximately 13.01 acres of land south of Interstate Highway No. 494 at the intersection of 12th Avenue South in the city of Bloomington on which is located the Bloomington Drive-In Theater, one of six such theaters owned by petitioner. As the evidence disclosed and the trial court found, after petitioner's application in 1969 for a conditional-use permit to allow construction of a "Target" retail sales store on the prop-

erty was denied by the city, petitioner, motivated by a desire not to develop its property because of the age of its stockholders, decided to liquidate its corporate holdings and the board of directors authorized the sale of all theaters. Upon advice of counsel, it was determined that a sale of the shares of stock was preferable to a sale of the various theater properties, both for income tax purposes and for reasons of marketability. As a consequence, all of petitioner's some 20-odd shareholders signed an agreement, the effect of which was that each would sell his stock subject to a minimum of $2,500 a share to the buyer whose offer was accepted. Efforts to sell were commenced in November 1969, and potential buyers were reduced to two competing bidders capable and willing to meet the price sought by the shareholders. In order to obtain the highest price possible, they were finally brought together for oral competitive bidding, and the ultimate bid of $3,250 per share resulted in the sale of the properties for $2,910,916.60 on March 25, 1972.

The court, upon evidence that the subject property constituted 6.8 percent of the total lands of petitioner and 18.7 percent of a private appraisal of the market value of all its properties, adopted petitioner's allocation of $548,000 as representing the sale price of the subject property and found that to be the fair market value of the subject property as of January 2, 1970. This value represents 97 cents per square foot as opposed to the assessor's valuation of $1.50 or a total assessor's value of $850,000. The trial court thus found the taxing authority's valuation of the land excessive and ordered that the value for tax purposes be accordingly reduced.

■ An assessor's valuation is prima facie valid, Crossroads Center, Inc. v. Commr. of Taxation, 286 Minn. 440, 176 N. W. 2d 530 (1970), and in challenging, the taxpayer has the burden of proving that the assessment is excessive. Schleiff v. County of Freeborn, 231 Minn. 389, 43 N. W. 2d 265 (1950). The determination of whether the owner has met this burden, and if so, the market value of the property, rests with the trial court's reso-

lution of the evidence and of the weight and credibility of the testimony, including the opinions of expert witnesses. Alstores Realty, Inc. v. State, 286 Minn. 343, 176 N. W. 2d 112 (1970); In re Taxes for 1968 of Nelson v. County of Meeker, 285 Minn. 527, 172 N. W. 2d 753 (1969).

Respondent contends that petitioner did not meet its burden and the trial court's determination of market value is not supported by the evidence because the "proper method" of valuation was not employed by petitioner's value witness; "[t]he sale involved a sale of stock and not real estate"; "[i]t was necessary to buy not only the subject property, but all six theaters"; petitioner's motive for selling negates its status as a "willing seller"; and finally, the properties "were not offered publicly by advertisement and it was an auction sale."

We deem it unnecessary to discuss the evidence in detail to demonstrate our conclusion that there is sufficient evidentiary support for the trial court's findings under the "clearly erroneous" standard applicable under Rule 52.01, Rules of Civil Procedure. It is sufficient to note that petitioner's value witness, although interested in the sale and purchase as an officer of petitioner, whose opinion the trial court adopted, did not base his valuation upon the sale price alone but on a variety of factors affecting market value, including comparable sales, present and future use, income, size, location, access, adjacent development, zoning limitations, and his rather impressive experience (in comparison to respondent's also well-qualified value witness) as a buyer, seller, and appraiser of real estate in the metropolitan area. Further, the court expressly found "[t]he sale was at arms length, not made under compulsion, and between a willing buyer and willing seller." In support of this finding, the uncontroverted evidence established that the sale of the stock was preferable for tax purposes; the assets of the corporation consisted almost totally of real estate; the bidders were purchasing with intent to put the subject property to a future higher and more productive use; the property was on the market for a lengthy period of time dur-

ing which buyers were actively solicited; and a minimum price below which petitioner would not sell was set. Surely, the advanced age of the stockholders goes only to their motive for selling and does not render them "unwilling sellers." Clearly, the sale was not an "auction" where the seller is committed to sell to the highest bidder in the sense set out in Minn. St. 272.03, subd. 8, and 273.11, subd. 1.

The evidence overcoming the presumptive accuracy of the assessor's valuation was the actual sale of the subject property. While the sale price ought not to be conclusive, Schleiff v. County of Freeborn, *supra*, it may reasonably be relied upon by the factfinder as one of the most important elements to be considered, since it is the sale value, not the intrinsic value, which must control, and these were experienced businessmen seeking the highest price possible. In re Taxes of Potlach Timber Co. 160 Minn. 209, 199 N. W. 968 (1924). As a reviewing court, our role is not that of a trier of fact, and we are therefore constrained to affirm the trial court's determination.

■ The issue of whether the court erred in allowing prejudgment interest computed from the dates of payment of the subject taxes by petitioner in 1971 is controlled by Hedberg & Sons Co. v. County of Hennepin, 305 Minn. 80, 232 N. W. 2d 743 (1975). In Hedberg & Sons, we held that interest on refunds of real estate taxes accrues from the date of the filing of the petition for review under Minn. St. 278.01 or from the date of payment, whichever is later. Interest is assessable only on the refund itself and accrues at the statutory rate of 6 percent. § 334.01. Cf. General Mills, Inc. v. State, 303 Minn. 66, 226 N. W. 2d 296 (1975); In re Petition of D. C. Hey Co. v. County of Hennepin, 303 Minn. 72, 226 N. W. 2d 300 (1975); CC Leasing Corp. v. County of Hennepin, 303 Minn. 542, 226 N. W. 2d 608 (1975).

The trial court awarded interest from the dates of payment of the subject taxes. Since the trial court was at least theoretically in error, we reverse that part of the judgment and remand

this matter to the trial court for computation of interest in accordance with this opinion. The trial court is in all other respects affirmed.

Affirmed in part, reversed in part, and remanded.