In re OBJECTIONS TO REAL PROPERTY TAXES.

SOUTHDALE CIRCLE PARTNERSHIP, Respondent,

v.

COUNTY OF HENNEPIN, Relator.

No. C6–87–2228.

Supreme Court of Minnesota.

June 10, 1988.

Thomas L. Johnson, Hennepin Co. Atty., Mark Kapter Maher, Asst. Co. Atty., Minneapolis, for relator.

Gerald M. Singer, John P. Sheehy, Minneapolis, for respondent.

AMDAHL, Chief Justice.

Relator, Hennepin County, appeals from a voluntary dismissal of a real estate tax petition prior to hearing before the Minnesota Tax Court. We affirm.

Respondent, Southdale Circle Partnership, the owner of certain commercial property in the City of Edina, filed a Chapter 278 real estate petition challenging the 1986 assessment, payable in 1987. The petition was filed on May 14, 1987, and trial was scheduled for September 17, 1987 before the Honorable Arthur C. Roemer of the Minnesota Tax Court.

The estimated market value of the subject property was set at $360,000. Negotiations for a reduction continued up to a week prior to trial. At that time, the Hennepin County assessor learned that the property had been sold in 1986 for $1,100,-000.

On the eve of trial, respondent offered to dismiss the petition, but Hennepin County refused, intending to request an increase in valuation based on the contemporaneous sale of the property.

Respondent then moved for an order dismissing the petition at the hearing itself. Over Hennepin County's objection, the Tax Court granted the Motion to Dismiss on September 30, 1987.

An assessor's valuation of real property for tax purposes is prima facie valid. *Minnesota Entertainment Enterprises, Inc. v. State,* 306 Minn. 184, 186, 235 N.W. 2d 390, 392 (1975). However, the legislature has provided a vehicle for a taxpayer

to challenge that valuation in Minnesota Statutes Section 278.05. The burden of proving that the assessment is excessive rests on the taxpayer. *Minnesota Entertainment Enterprises* at 186, 235 N.W.2d at 392.

Ordinarily, a petitioner challenging the assessment would seek to prove that the actual market value of the subject property was less than the assessed value. However, in this case, the actual market value of the land was more than three times the assessed value. The petitioner/taxpayer clearly had no interest in proving that the property was significantly undervalued. However, Hennepin County prepared to request an increase in valuation of the subject property at the hearing.

A court hearing objections to a property assessment was given the power to increase the amount of taxes due for the first time with the 1986 amendments to section 278.05. 1986 Minn. Laws ch. 473, § 5. The statute now provides:

> The petition, without any answer, return, or other pleading thereto, shall be tried at the next term of court. The tax court or district court shall without delay summarily hear and determine the claims, objections or defenses made by the petition and shall direct judgment to sustain, reduce or increase the amount of taxes due, and the trial shall disregard technicalities and matters of form not affecting the merits.

Minn.Stat. § 278.05, subd. 1 (1986).

Prior to the 1986 amendments, the court was empowered only to hear and determine "claims, objections or defenses *made by the petition*" and "direct judgment accordingly." *See* Minn.Stat. § 278.05, subd. 1 (1984); 1986 Minn. Laws ch. 473, § 5. (emphasis added)

Hennepin County argues that the 1986 amendments implicitly created a counterclaim in the taxing authority. The county alleges that the existence of this counterclaim precludes voluntary dismissal of the tax petition under the Minnesota Rules of Civil Procedure.[1]

Rule 41.01(2) provides that a proceeding may not be voluntarily dismissed if a counterclaim exists: "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

Under the Minnesota Rules of Civil Procedure, a counterclaim is an independent claim which should be made part of a responsive pleading. Minn.R.Civ.P. 13. However, the procedure for challenging a real estate tax assessment allows only a petition without any answer, return, or other pleading. Minn.Stat. § 278.05, subd. 1. That procedure was untouched by the 1986 amendments. Thus, a taxing authority has no avenue under the statute to bring an express counterclaim in an assessment challenge.

The petition can be brought only by persons having an "estate, right, title, or interest in or lien upon any parcel of land." Minn.Stat. § 278.01, subd. 1.[2] The taxing authority may not bring a petition. Indeed, no provision in the statute allows claims of the taxing authority to be heard at all.

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1986). Further, when the words of the law are clear and free from ambiguity, the letter of the law shall not be disregarded. *Id.*

The plain language of section 278.05 does not mention a counterclaim or its equivalent which automatically vests in the taxing authority. Had the legislature intended to create a counterclaim that springs into being upon the filing of the tax petition, it could have used express language stating

---

1. Under Minnesota law, the Rules of Civil Procedure for the District Court govern the Minnesota Tax Court procedures where practicable. Minn.Stat. § 271.06, subd. 7 (1986).

2. A lessee may bring a petition. At oral argument, petitioner's counsel stated that the petitioner was a lessee who had no prior knowledge of the actual sale price of the subject property prior to challenging the assessment.

that intent. It did not. We decline to imply a counterclaim where none was expressly created in the statute itself.

We believe that our decision is supported by resulting consistency in the statutory scheme devised by the legislature.

If a taxpayer does not file a petition challenging the assessment at all, the county's valuation stands. Any undervaluation would go uncorrected, at least for the current tax year. Further, if a taxpayer defaults by not appearing at the hearing, the petition is automatically dismissed. Minn. Stat. § 271.06, subd. 6.[3] Thus the county would have no opportunity to correct any undervaluation. Finally, absent specific court permission, if a taxpayer who challenges the assessment does not pay the tax when due, the petition is automatically dismissed. Minn.Stat. § 278.03. The valuation cannot be changed.

Thus, if section 278.05 is construed to give rise to an implied counterclaim in the taxing authority, a taxpayer who does nothing would be in a superior position to one who asserts the right to question the valuation; a defaulting taxpayer would be in a superior position to the taxpayer who voluntarily dismisses the petition; and a delinquent taxpayer would be in a superior position to one who pays the tax when due. These results, if not absurd, are certainly unreasonable and directly contravene the presumptions of statutory construction. Minn.Stat. § 645.17.

Moreover, if a taxpayer is precluded from voluntarily dismissing a petition prior to hearing because an implicit counterclaim is created by the mere filing of a challenge to the tax, that taxpayer may hesitate to question the taxing authority's assessments at all. We believe that this chilling effect would have a highly detrimental impact on the due process rights of those who pay the assessments.

Finally, we note that Hennepin County's own process resulted in undervaluation of the property in question. Through that same process, Hennepin County has a remedy. In future tax years, it can reassess this real estate, and similarly-located parcels as well, to correct the undervaluation.

 The Tax Court, in the memorandum accompanying the order for dismissal, declined to recognize an implicit counterclaim and suggested that this matter should properly be addressed by the legislature. We agree. We hold that the 1986 amendments to Minnesota Statutes Section 278.05 do not create a counterclaim in the taxing authority which precludes voluntary dismissal of a petition challenging a real estate tax assessment prior to hearing.

Affirmed.

---

3. Contrary to Hennepin County's position, a chapter 278 challenge is classified as an appeal directly to the tax court. Minn. Rules 8600.-1800, subpart 1 (1987).