VINCE SHYMANSKI v. BONNIE NASH.

251 N. W. 2d 854.

March 11, 1977—No. 46661.

*Clarance E. Hagglund* and *Robert M. Pearson,* for appellant.
*Coulter, Nelson & Sullivan* and *Lyle R. Frevert,* for respondent.

Heard before Todd, Yetka, and Winton, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

This case arises out of a two-vehicle accident. The matter was tried to a jury which returned a verdict finding both plaintiff and defendant negligent, however, only the negligence of defendant was found to be a direct cause of the accident. Defendant's motions, in the alternative, for a judgment notwithstanding the verdict, amended findings of fact, or a new trial were denied. Judgment was entered on January 28, 1976. Defendant appeals from the denial of the motions and from the judgment. We affirm.

On August 16, 1969, a two-vehicle accident occurred on Interstate Highway No. 35W (35W) approximately one-half mile north of its intersection with Hennepin County Road 62 (Crosstown). The weather on the day of the accident was warm, the sky was clear with a few clouds, and the road surface was dry.

Vince Shymanski, plaintiff, was driving from his home in Albert Lea, Minnesota, to his cabin on Cross Lake, near Pine City, Minnesota, pulling a two-wheeled, 4- by 8-foot trailer filled with personal items. The trailer was equipped with round electric lights which were connected to the electrical system of plaintiff's car. Just after he passed the Crosstown and was proceeding north in the center lane of 35W, he noticed a drag at the back of his car, which he thought was a flat tire. He began to stop in the center lane because traffic to each side was heavy. As he was stopping the vehicle, he saw his left trailer wheel travel past him in the left lane, cross the median, and strike a southbound car. He stopped the car and trailer in the center lane and put on the flashing lights.

Bonnie Nash, defendant, was driving in the center lane of 35W at approximately 50 miles an hour when she noticed plaintiff's vehicle about a quarter of a mile ahead of her, proceeding at between 40 to 45 miles per hour. As she came closer to plaintiff's vehicle she attempted to change lanes, but at the time both

the left and right lanes were blocked with traffic. At this point, plaintiff's vehicle stopped. Defendant applied her brakes and attempted to turn into another lane, but the lanes to each side were still blocked with traffic. Her car struck the rear of plaintiff's trailer, pushing it into the rear of plaintiff's car.

Plaintiff and his wife, who was a passenger in his car, brought an action against defendant for personal injuries and property damage. Defendant counterclaimed for her personal injuries and property damage. At trial, prior to the selection of the jury, the parties settled Mrs. Shymanski's claim. The jury returned a special verdict finding both plaintiff and defendant negligent, but found plaintiff's negligence was not a direct cause of the accident.

Although several issues are raised, the determinative issues are as follows:

1. Whether the Evidence Supports the Jury's Finding of No Causal Negligence on the Part of Plaintiff.

On appeal, defendant contends plaintiff was causally negligent as a matter of law. Causation is ordinarily an issue for the jury. Unless manifestly and palpably contrary to the evidence when viewed most favorably to the verdict, the jury's determination must stand. It is only in those cases where reasonable persons cannot differ that the issue of causation becomes one of law for the court. E. g., Seivert v. Bass, 288 Minn. 457, 181 N. W. 2d 888 (1970); Pluwak v. Lindberg, 268 Minn. 524, 130 N. W. 2d 134 (1964).

Under the circumstances in this case, the jury could reasonably conclude that defendant's negligence alone was the proximate cause of the accident.

2. Whether the Trial Court Erred in Refusing to Delay Trial for Deposition of Medical Doctor.

Defendant further contends the trial court committed reversible error in failing to postpone the trial to allow defendant to take the deposition of a medical doctor who had examined plaintiff and whose name and report had not been furnished by

plaintiff in response to continuing interrogatories under Rule 33, Rules of Civil Procedure, until the day before trial.

One of the purposes of Rule 33 is to prevent unjust surprise and prejudice. Gebhard v. Niedzwiecki, 265 Minn. 471, 122 N. W. 2d 110 (1963). This is particularly true where expert witnesses are involved because the preparation required of opposing counsel demands more time and effort. Fritz v. Arnold Mfg. Co. 305 Minn. 190, 195, 232 N. W. 2d 782, 786 (1975). However, in the present case when defendant's attorney objected to plaintiff's failure to provide the information, she asked that if a continuance was not allowed that she be allowed to enter the report of that doctor into evidence.

Defendant's counsel received the medical report of the medical doctor on a Monday—a day prior to the commencement of trial—yet made no request at that time for a continuance to take the deposition of the doctor. Request was not made for a continuance until Wednesday, the second day of trial. Moreover, defendant's counsel did not strenuously argue for a continuance, but rather indicated a desire to have the report introduced as evidence. Defendant's counsel in making the request stated:

"I just wanted to preserve for the record that I would request Mr. Shymanski's counsel to agree to allow the report of October 13, 1971, into evidence or else allow me sufficient time during which I could take a deposition of one of the Mayo Clinic doctors."

She further stated:

"* * * I mean if you allow the report in, then I will not attempt to set up a deposition * * *."

The trial court did not allow a continuance, but did allow the report of the doctor to be read into evidence, consistent with defendant's request. Thus, it is difficult to see how defendant was prejudiced. The court granted relief which was consistent with the request of defendant's attorney. The purpose of sanctions under Rule 33 is to prevent a party who fails to comply with the rule from profiting from his own wrong. In cases where a mis-

take is an honest one and the harm can be undone, several options are available. One is a continuance. Another, as was used here, where the primary evidence consists of a written report, may be reading the evidence into the record. The relief will vary with the circumstances, tempered always by the sound discretion of the trial court. On the facts of this case, there is no showing of reversible error.

The following issues are also raised by defendant on appeal:

3. Whether the Trial Court Erred in Allowing Plaintiff to be Called as Rebuttal Witness.

Defendant argues the trial court abused its discretion in allowing plaintiff to testify on redirect examination about the location of the accident and his examination by defendant's doctor.

This was a matter for the sound discretion of the trial court. Most important, even assuming arguendo the trial court was in error, there is no showing of prejudice.

4. Whether Plaintiff Sustained His Burden of Proof on Issue of Causation.

Defendant finally argues that plaintiff failed to sustain his burden of proof on the issue of the causal relationship between the accident and the injuries for which he seeks recovery.

Plaintiff called a medical doctor as an expert witness. The doctor testified that in his opinion the accident was the cause of the injuries for which plaintiff sought recovery. Defendant's medical expert testified to the contrary. The weight and credibility of expert testimony, however, is generally for the jury. E. g., State v. McCabe, 251 Minn. 212, 87 N. W. 2d 360 (1957). The rule which governs this issue is stated in Freeman v. Matson, 230 Minn. 261, 271, 41 N. W. 2d 249, 255 (1950), as follows:

"* * * In the field of medical science, it is apparent that there will be a difference of opinion. Where the opinions of reputable doctors have a reasonable basis on the facts, it must be left to the trier of facts to say who is right when other doctors have conflicting opinions."

In this case, the jury chose to believe plaintiff's expert. So long as his opinion has a reasonable basis in fact, the decision of the jury is not open to review on appeal.

Affirmed.