Kathryn STEARNS, Appellant,

v.

Dominic A. PLUCINSKI, M.D.,
et al., Respondents,

North Memorial Medical
Center, Defendant.

No. C1–91–1167.

Court of Appeals of Minnesota.

March 17, 1992.

Review Denied April 29, 1992.

Mitchel I. Kirshbaum, Minneapolis, for
Kathryn Stearns.

Bruce P. Candlin, Bloomington, for Dominic A. Plucinski, M.D.

Considered and decided by KLAPHAKE,
P.J., and PARKER and SCHUMACHER,
JJ.

## OPINION

SCHUMACHER, Judge.

Appellant Kathryn Stearns sued respondent Dominic Plucinski for medical malpractice. A jury found respondent not negligent and judgment was entered. Appellant contends that she was denied a fair

trial because the trial court gave contradictory jury instructions and admitted prejudicial testimony into evidence. We affirm.

## FACTS

Respondent performed surgery on appellant, at North Memorial Hospital, for the purpose of inserting a cardiac pacemaker. Appellant's complaint alleged that while attempting to locate and penetrate her right subclavian vein with a needle, respondent negligently punctured her right lung, causing a pneumothorax and hemothorax, and causing permanent damage to her right brachial plexus nerves.

At trial, Dr. Marilyn Ezri and Dr. James Hult testified for appellant. Dr. Hult testified that pneumothorax and hemothorax are considered avoidable risks of this procedure, that there is no reason to come into contact with the lung or the brachial plexus nerve, and that if the procedure is performed in accordance with the applicable standard of care, neither a hemothorax, nor a pneumothorax, nor a brachial plexus injury should occur. Dr. Ezri also testified that if due care is used and the standard of care observed, there should be no injury to the brachial plexus nerves, and that occurrence of a hemothorax or pneumothorax would be extremely rare.

Respondent's expert witness, Dr. Scott Sharkey, testified that the risks of the patient developing a pneumothorax, hemothorax and brachial plexus injury during the implant procedure are known.

While cross-examining respondent, appellant's counsel asked him if North Memorial Hospital had a CVC committee. Respondent answered that it did, and appellant's counsel asked what it was. Respondent answered that it was the Cardiovascular Coordinating Committee. Appellant's

counsel asked nothing more about the committee. Then on re-direct examination, respondent's counsel asked respondent to state the function of the CVC. Respondent answered that its function was to review charts of cardiovascular procedures. Over appellant's objection, respondent's attorney asked respondent what, if any, sanctions were taken against him as a result of the committee's review of appellant's surgery. Respondent replied that there were no sanctions.

Before the jury began its deliberations, the court instructed on the doctrine of res ipsa loquitur per 4 Minnesota Practice, CIV. JIG 80 (1986).[1] The court, over appellant's objection, also gave 4 Minnesota Practice, CIV. JIG 99 (1986) which provides: "The mere fact that an injury has happened does not of itself mean that anyone has been negligent." The jury returned a special verdict finding respondent not negligent.

Appellant moved for a new trial alleging that the trial court erred in permitting respondent to testify that no sanctions were imposed on him by the Cardiovascular Coordinating Committee, and that the court erred in giving the jury both the res ipsa loquitur instruction, and the instruction that the mere happening of an injury does not mean that anyone was negligent. The trial court denied appellant's motion for a new trial, reasoning that the instructions given to the jury conveyed a correct statement of the law and that it was proper to admit respondent's testimony about the CVC given the fact that appellant "opened the door" to that testimony on cross-examination. This appeal is taken from the trial court's denial of appellant's motion for a new trial.

## ISSUES

1. Did the trial court err by giving the jury both the *res ipsa loquitur instruction*

---

1. From the happening of the injury itself you may find that the defendant was negligent if you find that the following three conditions have been satisfied:
   1) That the accident was the kind which does not occur without someone's negligence.
   2) That [the needle] was in the exclusive control of defendant at the time of the negligent act, if any, must have happened.

   3) That the condition which resulted in the injury was not due to the conduct of plaintiff or some third person.
   If you find that plaintiff has established all of the above three elements, you are permitted, but you are not required to find negligence.

and the instruction that the occurrence of an injury does not of itself mean that anyone was negligent?

2. Did the trial court err by allowing respondent to testify that no sanctions were imposed on him by the Cardiovascular Coordinating Committee?

## ANALYSIS

1. Appellant argues that the court should not have instructed the jury that just because an injury occurs does not mean that anyone was negligent (JIG 99) because that instruction contradicts the instruction on res ipsa loquitur (JIG 80) which allows jurors to find a defendant negligent from the happening of an injury itself without any direct showing of negligence.

■ A trial court is accorded wide latitude in phrasing its instructions to the jury. *Cobb v. Aetna Life Ins. Co.*, 274 N.W.2d 911, 916 (Minn.1979). It is well-settled that:

> "[T]he charge of the trial court must be viewed in its entirety and from a practical and common sense point of view. The trial court is allowed considerable latitude in the language used, and a new trial will not be granted where requested instructions are refused when the general charge fairly and correctly states the applicable law. *All that is required is that the charge as whole conveys to the jury a clear and correct understanding of the law. It is unnecessary that every possible opportunity for misapprehension be guarded against.* If the charge fairly lays down the law of the case, it is sufficient."

2. Many Minnesota cases hold that in order to give a res ipsa loquitur instruction to the jury the existence of the three res ipsa conditions must be *established. See, e.g., Warrick v. Giron,* 290 N.W.2d 166, 169 (Minn.1980); *Young v. Caspers,* 311 Minn. 391, 398–99, 249 N.W.2d 713, 717 (Minn.1977); *Fleming v. Hallum,* 350 N.W.2d 417, 419 (Minn.App.1984). This means that before the judge instructs the jury on res ipsa loquitur there must be enough evidence that the three conditions exist so as to make it a jury question as to whether they exist or not. As Corpus Juris Secundum explains:

*Id.* (emphasis added) (quoting *Cameron v. Evans,* 241 Minn. 200, 208, 62 N.W.2d 793, 798 (1954)).

■ The res ipsa loquitur and JIG 99 instructions given together appear to have conveyed a correct statement of the law in this case. The trial court's res ipsa loquitur instruction was as follows:

> From the happening of the injury itself you may find that the defendant was negligent if you find that the following condition has been satisfied:
>
> 1) That the accident was the kind which does not occur without someone's negligence.
>
> 2) That the needle was in the exclusive control of defendant at the time that the negligent act, if any, must have happened.
>
> 3) That the condition which resulted in the injury was not due to the conduct of plaintiff or some third person.
>
> If you find that plaintiff has established all of the above three elements, you are permitted, but you are not required to find negligence.

This is not inconsistent with the instruction that "the mere fact that an injury has happened does not of itself mean that anyone has been negligent." The trial judge instructed the jury that *if* they found that the three res ipsa conditions existed they *could* infer that respondent was negligent, but that just because appellant was injured does not mean that anyone was negligent.[2] This is a correct statement of the law.

The res ipsa loquitur instruction was given because plaintiff proved a prima facie case for the three conditions necessary for the doctrine to apply. This instruction is not in conflict with an additional instruction

> The applicability of the doctrine of res ipsa loquitur to a given set of facts is a mixed question of law and fact, and while the determination of whether the doctrine may be relied on under the facts of the case must be made in the first instance by the trial court, it is a question for the fact finder whether the facts or conditions which give rise to the inference of negligence actually exist.
>
> 65A C.J.S. Negligence § 220.22.

that warns the jury that just because an injury happens does not mean that someone has been negligent.

Appellant cites *Orwick v. Belshan*, 304 Minn. 338, 231 N.W.2d 90 (1975), and *Kuether v. Locke*, 261 Minn. 41, 110 N.W.2d 539 (1961), in support of her argument that JIG 99 must not be given with the res ipsa loquitur instruction. The issue in *Orwick* and *Kuether* was whether JIG 99 pertained to the burden of proof or to the doctrine of unavoidable accident. The supreme court held that JIG 99 pertained to the burden of proof rather than to the doctrine of unavoidable accident and stated:

> "Except where the doctrine of res ipsa loquitur is involved, [JIG 99] is almost routinely given in negligence cases. It is a proper cautionary instruction which has to do with the burden of proof rather than unavoidable accident."

*Orwick*, 304 Minn. at 348, 231 N.W.2d at 97 (emphasis added) (quoting *Kuether*, 261 Minn. at 51, 110 N.W.2d at 546–47).

We do not interpret this dictum as meaning that the res ipsa loquitur instruction can never be given with JIG 99. We hold that the instructions given in this case conveyed to the jury a correct statement of the law.

2. Over appellant's objection, respondent testified on re-direct examination that he had not been sanctioned by the CVC. The trial court, in discussing the issue with counsel, expressed concern that the testimony was inadmissible, but ultimately decided to let it in since appellant had "opened the door" by cross-examining respondent about the CVC.

Admission of evidence on re-direct examination is left within the sound discretion of the trial court. *Shymanski v. Nash*, 312 Minn. 304, 308, 251 N.W.2d 854, 857 (Minn.1977). "Generally, during re-direct examination, a witness may be fully examined as to all matters brought out in cross-examination." *State v. Whaley*, 389 N.W.2d 919, 926 (Minn.App.1986).

Respondent's testimony that he was not sanctioned by the CVC constituted

inadmissible hearsay testimony. However, the admission of inadmissible evidence requires a new trial only if the error is prejudicial. *Fewell v. Tappan*, 223 Minn. 483, 497, 27 N.W.2d 648, 656 (1947). After reviewing the record and finding that the opinion of the CVC was mentioned only once during the trial and that respondent's counsel did not refer to it in his closing argument, we cannot say that the jury was prejudiced by this testimony. In addition, by inquiring about the CVC during cross-examination, appellant arguably opened the door to such testimony on re-direct examination. We hold that a new trial is not justified.

## DECISION

The res ipsa loquitur instruction, given with the instruction that the mere happening of an accident does not mean that someone was negligent, conveyed to the jury a correct statement of the law. The trial court's admission of hearsay testimony which was mentioned only once and was not referred to in closing argument was not prejudicial error.

Affirmed.

KLAPHAKE, Judge (concurring in part, dissenting in part).

I concur with the majority as to the jury instructions. The trial court gave a correct statement of the applicable law. I must respectfully dissent, however, because I believe the admission of inadmissible hearsay testimony regarding the CVC committee's review of appellant's cardiovascular charts was an abuse of discretion which clearly prejudiced appellant.

On cross-examination, appellant's counsel asked two questions about the CVC committee:

Q. Doctor, does North Memorial Medical Hospital have a CVC committee?

A. Yes.

Q. What is that?

A. The CVC committee is the cardiovascular coordinating committee.

Q. Thank you, Doctor.

Appellant's counsel asked nothing about the CVC committee's purpose, function, authority, composition, or any other "substantive" matter. I fail to see how this exchange opened the door to the admission of clearly inadmissible hearsay as to the results of the CVC committee review. *See* Minn.R.Evid. 801(c) (hearsay is out-of-court statement offered to prove truth of matter asserted). This hearsay testimony was directly related to the critical issue in this case—the breach of the standard of care. Its admission created the strong possibility, supported by the verdict of no negligence, that the jury would accord the hearsay high probative value when, in fact, it deserved none.

While I recognize the trial court's broad discretion in evidentiary matters, in a close case such as this I believe admission of the hearsay testimony was prejudicial and requires a new trial. *See Bradley v. Shaw,* 309 Minn. 442, 446, 244 N.W.2d 666, 668–69 (1976) (admission of accident participant's hearsay statement to police officer prejudicial in close negligence case); *Zubryski v. Minneapolis St. Ry. Co.,* 243 Minn. 450, 455–56, 68 N.W.2d 489, 492 (1955) (prejudice occurred in close negligence case where, based upon cross-examination questions, jury may have wrongfully inferred expert witness was withholding information); *Independent Sch. Dist. No. 35, St. Louis County v. A. Hedenberg & Co.,* 214 Minn. 82, 100, 7 N.W.2d 511, 521 (1943) (erroneous admission of evidence reversible if prejudice occurs). I, therefore, respectfully dissent.