**Stuart E. GALE and Sandra W. Gale, petitioners, Stringer, J. and Lancaster, J. Relators,**

v.

**COUNTY OF HENNEPIN, Respondent.**

No. C5–99–1349.

Supreme Court of Minnesota.

May 11, 2000.

Stuart E. Gale, Bloomington, for appellant.

Amy Klobuchar, Hennepin County Attorney, Paul R. Jennings, Assistant County Attorney, Minneapolis, for respondent.

## OPINION

GILBERT, Justice.

This matter comes before us on a writ of certiorari from a decision of the Minnesota Tax Court concerning the valuation of a certain parcel of real property in Crystal, Minnesota owned by Petitioners Stuart and Sandra Gale. The Gales petitioned the tax court, challenging a January 2, 1997 assessment of the subject property. The Gales objected to the market value increase from $20,000 for taxes payable in 1997 to $65,000 for taxes payable in 1998 as being greater than the actual market value of the property, incorrectly classifying the property, unequally assessing the property, and as violating Minn.Stat. § 273.11, subd. 1a (1998).

Both in a motion in limine and at trial, the Gales objected to the admission of a final review appraisal and the testimony of the county's sole witness, Thomas Scherer, of the Hennepin County Assessor's office. The Gales argued that the admission of Scherer's appraisal and testimony was prejudicial because they were not permitted to review the appraisal prior to trial. The tax court denied the Gales' motion and admitted the appraisal and Scherer's testimony. Based on Scherer's valuation, the tax court set the 1997 market value of the property at $134,000. On appeal to this court, the Gales make several arguments, including that the increase in the assessed market value of their property violated Minnesota's Limited Market Value law (Minn.Stat. § 273.11, subd. 1(a)(1998)), that the evidence presented at the hearing was insufficient to support the tax court's decision and that the tax court abused its

discretion in admitting the appraisal. Because we reverse on the final argument, whether the tax court abused its discretion in admitting the appraisal, we do not address the remaining arguments.

In 1962, the Gales purchased a parcel of real estate in Crystal, Minnesota. This parcel encompasses approximately 81,372 square feet with 134.5 feet fronting Douglas Drive and 605 feet fronting 32nd Avenue (approximately 1.868 acres). When the Gales purchased the parcel it had a residential structure on it, which was taken down in 1964. The parcel is currently vacant. In 1996 and 1997, fill dirt was removed from the lot for a road project. Some of the trees on the lot were also removed. The fill dirt was replaced with clay and the lot was graded.

On January 2, 1997, the county assessor placed the parcel's market value at $65,000, effective for taxes payable in 1998. Approximately eighty percent of the property was classified as Non–Homestead Residential and the remainder as Community Commercial. The valuation of the property was clarified at trial, indicating that prior to 1997 the commercial part of the property was valued at $20,000 and the residential part was assessed as having no value. In 1997, the county assessed the entire lot at $65,000, $30,000 of which was attributed to the residential part of the Gales' property.

In March 1998, the Gales petitioned the tax court, challenging the 1997 assessment. The county responded to the Gales' requests for information by claiming that it had no information to provide. Then, 7 days prior to trial, the county informed the Gales that it had prepared a final review appraisal that it would present at trial. When the Gales requested permission to come down to the county offices to review the appraisal, the county attorney stated that he would not permit the Gales to view it until trial. Prior to trial, the Gales brought a motion in limine objecting to the admission of the final review appraisal. The Gales argued that the county had not provided any information regarding the basis of this new appraisal prior to trial. The Gales submitted an affidavit to the court stating that the parties had agreed to an informal information exchange and that they had provided the county relevant valuation information they intended to present at the hearing.

Immediately prior to trial, the tax court heard arguments on the Gales' motion in limine to exclude the final review appraisal as evidence. The Gales produced letters and, in an affidavit, relayed to the tax court a history of their dealings with the county attorney that indicated that the parties had agreed on an informal discovery process. While the county attorney never explicitly agreed that this was the case, he did not deny it or offer any evidence to the contrary. The tax court ruled from the bench, denying the Gales' motion. In a subsequent written order and memorandum, the court stated that Minn.Stat. § 278.05, subd. 6 (1998) only required that appraisals of income-producing property be provided prior to trial. Because the Gales' property was not income producing, the tax court concluded that the county was not required to provide the appraisal to the Gales.

At trial, the Gales presented two witnesses, petitioner Sandra Gale and a building contractor, Brian Zubert. Both witnesses testified to the condition of the property, the removal of fill dirt and grading in 1996 and 1997, and the potential difficulties soil conditions would present to any development. Although Sandra Gale testified that the current estimate to remove certain concrete fill on the property was $29,000, the Gales presented no direct evidence as to the current market value of the property.

The county presented one witness, Thomas Scherer, an assessor with the

Hennepin County Assessor's office. Scherer testified to the market analysis he used to conduct the final review appraisal of the Gales' property. Based on this analysis, which took into account the $29,000 for concrete fill removal, he determined a current market value for the Gales' property of between $134,000 and $144,000.

The tax court found the fair market value of the property to be $134,000. The court commented in its supporting memorandum that it did not find the Gales' witnesses credible and that the testimony of the current market value by the county assessor was uncontroverted.

■ The Gales ask us to review the tax court determination of the market value of their property. Because property assessment is an inexact and fact dependent determination, we generally defer to the findings of the tax court and will not reverse absent a showing that the findings are clearly erroneous. *See Hansen v. County of Hennepin*, 527 N.W.2d 89, 93 (Minn.1995). However, we review tax court rulings on the admissibility of evidence for legal error or abuse of discretion. *See Marquette Bank Nat'l Ass'n v. County of Hennepin*, 589 N.W.2d 301, 307 (Minn.1999). Our review is also guided by the rule that property tax assessments are presumed valid and the burden is on the party challenging the assessment to show that it does not reflect the true market value of the property. *See* Minn.Stat. § 272.06 (1998).

The Gales argue that the tax court abused its discretion when it denied their motion in limine to exclude Scherer's review appraisal and related testimony and that they were prejudiced by not being permitted to review the appraisal prior to the trial. The county argues that the tax court properly admitted Scherer's testimony and that the Gales failed to follow the specific rules of discovery or, alternatively,

that the Gales did not file a motion for a new trial and therefore cannot ask this court for relief.

■ In concluding that the review appraisal was admissible without first being provided to the Gales, the tax court relied on Minn.Stat. § 278.05, subd. 6. However, simply because Minn.Stat. § 278.05, subd. 6 requires the county assessor to furnish an appraisal in one circumstance, it does support the conclusion that in all other circumstances an appraisal is not discoverable. The statutes governing the conduct of tax court trials and our Rules of Civil Procedure concerning discovery indicate otherwise. Minnesota Statutes § 271.06 (1998) governs petitions for the appeal of tax assessments, and in subdivision 7 states that our Rules of Civil Procedure and Evidence will govern tax court trials "where practicable." The tax court is authorized to adopt by administrative rules, procedures for the conduct of its trials. *See id.; see also* Minn. R. § 8610.0010–.0150 (1999) (Minnesota Tax Court Rules of Procedure). A review of Minnesota Tax Court Rules of Procedure does not reveal any special rules adopted by the tax court governing discovery or the admission of expert testimony. In this case, the tax court treated Scherer's testimony as expert testimony. Therefore, our Rules of Civil Procedure concerning discovery of expert testimony provide guidance as to what disclosures were required by the county in this case.

The Minnesota Rules of Civil Procedure provide for pretrial discovery in civil matters. *See generally* Minn. R. Civ. P. 26. The opinions and basis for expert testimony that a party intends to use at trial are discoverable. *See* Minn. R. Civ. P. 26.02(d). The statute governing the conduct of tax court trials also makes it clear that the assessor's records, including market data, are discoverable. *See* Minn.Stat. § 278.05, subd. 3 (1998).

A variety of sanctions are available to a court to enforce these rules and to prevent prejudice to a party or the proceeding by the failure of a party to comply with discovery requirements. *See generally* Minn. R. Civ. P. 37. These sanctions include denying the noncomplying party the ability to introduce the requested information at trial. *See* Minn. R. Civ. P. 37.02(b)(2).

■ The objective of our rules of discovery is to encourage the exchange of relevant information by the parties prior to trial and to discourage and prevent unjust surprise and prejudice at trial, especially where the testimony of expert witnesses is concerned. *See Shymanski v. Nash*, 312 Minn. 304, 307, 251 N.W.2d 854, 856 (Minn. 1977). As we have stated, "trial by ambush" fell out of favor in the courts of this state over 50 years ago. *See American Standard Ins. Co. v. Le*, 551 N.W.2d 923, 925 n. 3 (Minn.1996). While the statute governing tax court trials only requires that the Rules of Civil Procedure be applied "where practicable," there is nothing in the record indicating that disclosure of this review appraisal prior to the trial was not practicable.

■ Further, although formal discovery procedures were not utilized by the parties, the record indicates that there was an informal agreement between the parties to exchange relevant information on the valuation of this property prior to trial. The record shows that the Gales provided information to the county under this agreement. The record also shows that the county attorney did not dispute the existence of this informal agreement. The Gales learned of the existence of the final review appraisal 7 days prior to trial and requested to review this new information. The county refused to furnish the appraisal to the Gales prior to trial.[1] The Gales then immediately brought their motion in limine to exclude the appraisal and a hearing was held prior to trial. The Gales renewed their objection during Scherer's testimony. The Gales took adequate steps to preserve the record and to provide the tax court timely opportunity to address this issue.

■ We hold that under these facts the tax court abused its discretion in allowing the county to withhold its review appraisal until trial and then admitting it as evidence. However, this court has stated that it will not reverse an evidentiary ruling of the tax court unless there is also a showing that the ruling materially prejudiced the appealing party. *See Marquette Bank*, 589 N.W.2d at 307.

■ The record in this matter demonstrates that the Gales were prejudiced by the admission of this appraisal. The Gales came to trial expecting to challenge a tax appraisal for 1998 of $65,000, up 325% from the previous year's market value of $20,000.[2] At trial, they were presented with a new market value appraisal of up to

---

1. The dissent claims that the county allowed the Gales to inspect the file. The tax court did not make any findings on this issue. However, the record demonstrates that prior to the county's final review appraisal, the county informed the Gales that they could review their file with the county, but that their file was empty. The county did state that the Gales could have reviewed the county's general market data. However, the county never disputed the Gales' assertion that once the final appraisal was produced, the county attorney refused to provide a copy to or allow the Gales to come to the county offices and inspect the appraisal.

2. The dissent comments that the Gales were not prejudiced in this matter because the property is listed for sale at between $250,000 and $300,000. However, such evidence is minimally relevant to question of value. *See Marquette Bank*, 589 N.W.2d at 304 (defining fair market value as the value the "property would sell for in a sale from one not required to sell to one not required to buy"). The issue is prejudice in the assessed value, as set by the tax court, not the asking price.

$144,000, representing a 720% increase over the base year. The Gales produced no independent evidence of value at trial when the assessment was based on a market value appraisal of $65,000. While it is true that the initial assessment is given a statutory presumption of validity, the final review appraisal presented at trial has no similar presumption. *See generally* Minn. Stat. § 272.06. The Gales had no prior knowledge of the contents of the appraisal and they had no opportunity to prepare to challenge the new appraisal or to even have their appraiser review its conclusions or methodology. The Gales informed the court that they had an appraiser standing by to inspect the appraisal. While the court expressed sympathy for their concerns, it overruled each objection. The Gales also lost the opportunity to withdraw their petition prior to the trial and accept the assessment of $65,000. *See generally* Minn.Stat. § 278.05, subd. 1 (1998); *In re Southdale Circle Partnership v. County of Hennepin,* 424 N.W.2d 536, 538 (Minn. 1988). We therefore conclude that the tax court abused its discretion in admitting the final review appraisal into evidence.

Absent this new review appraisal, there is no evidence to support the tax court's finding of a market value of $134,000 for the Gales' property. Accordingly, we reverse the decision of the tax court and remand for trial. We specifically reserve for the Gales their right to voluntarily withdraw their petition prior to the rehearing.

Reversed and remanded.

RUSSELL A. ANDERSON, Justice (dissenting).

I respectfully dissent. A ruling on the admissibility of evidence should not be disturbed unless the tax court committed legal error or abused its discretion. *See Marquette Bank National Ass'n v. County of Hennepin,* 589 N.W.2d 301, 307 (Minn. 1999). In this case the tax court did neither, as there exists compelling support for the tax court ruling. In addition, the majority invades the province of the fact finder by substituting its view of the evidence and credibility of witnesses for that of the tax court.

The legislature has not required the pretrial disclosure of an appraisal of nonincome-producing property such as that at issue herein. The legislature requires the disclosure, five days before trial, of any appraisal to be presented at trial only for income-producing property. *See* Minn. Stat. § 278.05, subd. 6(b) (1998).

Lacking statutory support, the majority then resorts to the Rules of Civil Procedure, which allow for discovery of expert testimony. *See* Minn. R. Civ. P. 26.02(d). The Rules do not support the majority's holding for two reasons. First, the Gales failed even to invoke the Rules.[1] Mr. Gale, an attorney, acknowledged that he was aware of the right to formally seek discovery and yet from at least October 1998, when he was aware of the possibility of the need for formal discovery, to trial in April 1999, he failed to invoke those procedures. Nor did the Gales move the court to enforce the alleged informal discovery agreement.

Second, the Rules apply in tax court "where practicable." Minn.Stat. § 271.06, subd. 7 (1998); *see also* Minn. R. Civ. P. 81.01(a) (explaining that Rules of Civil Procedure apply to tax court proceedings where not inconsistent). The tax court, with its expertise in the particular evidentiary and procedural issues that arise in the trial of a tax matter, should be given the first opportunity to determine if the

---

**1.** Minn. R. Civ. P. 26.02(d) provides that a party may obtain discovery of another party's anticipated expert witnesses and the nature of the witnesses' expected testimony by serving interrogatories upon that party.

discovery rules are practicable in a tax case. The tax court here did not rule on whether application of the discovery rules for expert witnesses is appropriate in tax court because the Gales failed to invoke the rules.

Because the county's failure to voluntarily disclose its appraisal prior to trial did not violate any statute or applicable discovery rules, the tax court did not abuse its discretion in denying the Gales' motion to suppress the testimony on the basis of an alleged failure to disclose.

Despite citing the civil procedure rules at length, the majority relies largely on its own finding of the existence of an agreement for informal discovery. In doing so, the majority usurps the role of the tax court in its determination of the factual issues necessary to the evidentiary ruling. *See Nagaraja v. Commissioner of Revenue,* 352 N.W.2d 373, 376 (Minn.1984) (stating review of tax court findings of fact is limited). With respect to the existence of an agreement for informal discovery, the majority states that the county attorney never explicitly agreed, denied, or offered any evidence on the existence of such an understanding. In responding to the Gales' motion, the county attorney in fact stated that the county's appraisal was completed only a week before trial and that the Gales were never denied access to the county's files. The county attorney also noted that Mr. Gale had the "mistaken impression" that the county would mail his file to him. Further, the county appraiser testified that the Gales were never denied access to his office or to their file. In light of the appraiser's testimony and the ambiguous evidence presented by the Gales, the tax court's order denying the Gales' motion in limine was supported by the evidence.

As the majority notes, a taxpayer must demonstrate he or she was materially prejudiced by an evidentiary ruling of the tax court. *See 'Marquette Bank,* 589 N.W.2d

at 307. On appeal from a property tax assessment, the taxpayer has the burden of proof. *See Anacker v. County of Cottonwood,* 302 N.W.2d 342, 345 (Minn.1981). As the majority also acknowledges, the taxpayers in this case presented no direct evidence as to the property's current market value. Instead, the Gales focused on alleged deficiencies in the county's valuation, offered no opinion testimony, expert or otherwise, as to the property's current market value, did not refute testimony that the property had been listed for sale in 1998 for between $250,000 and $300,000, and chose to go forward with the trial after being advised by the court that the court could rely on the county's assessment or increase the valuation of the property based on evidence presented by the county. *See* Minn.Stat. § 278.05, subd. 1 (1998). Given their failure to carry the burden of proof on valuation, the Gales cannot claim they were even surprised, much less materially prejudiced by the admission of the county's evidence. I see no basis on which to substitute our judgment for that of the tax court.

I would affirm.

STRINGER, Justice (dissenting).

I join in the dissent of Justice RUSSELL A. ANDERSON.

LANCASTER, Justice (dissenting).

I join in the dissent of Justice RUSSELL A. ANDERSON.