**MENDOTA MALL ASSOCIATES,**
**Relator,**

v.

**COUNTY OF DAKOTA, Respondent.**

No. C9–97–1611.

Supreme Court of Minnesota.

May 7, 1998.

Gerald E. Frisch, Nilva and Frisch, P.A., St. Paul, for relator.

James C. Backstrom, Dakota County Atty. by Kenneth A. Malvey, Asst. County Atty., for respondent.

**OPINION**

GARDEBRING, Justice.

Certiorari was granted to review the decision of the tax court dismissing the relator's petition challenging the assessed value of relator's property for property tax purposes. The tax court dismissed the petition for failure of relator to provide income and expense data to the county within 60 days of filing the petition, as required by Minn.Stat. section 278.05, subd. 6(a) (1996).[1] Relator argues that the tax court erred in its interpretation of section 278.05, subd. 6(a), because the information was "unavailable" within the meaning of the statute in that relator's accountant was performing an audit of the income and expense figures in order to properly allocate expenditures and verify accuracy of the data.

Last year in *BFW Co. v. County of Ramsey,* 566 N.W.2d 702 (Minn.1997), we rejected an argument based upon similar facts. There we said that the plain language of the statute required the petitioner "to provide all information within its possession, even though the petitioner deems certain portions of that information to be incomplete or not fully accurate." *Id.* at 705. Our holding in that case is dispositive of this matter and therefore we affirm the decision of the tax court.

Affirmed.

GILBERT, Justice (concurring specially).

I concur with the result reached by the majority based on *BFW Co. v. County of*

---

1. Minnesota Statute section 278.05, subd. 6(a) (1996) provides that:

   income and expense figures, verified net rentable areas, and anticipated income and expenses, for income-producing property must be provided to the county assessor within 60 days after the petition has been filed under this chapter. Failure to provide the information required in this paragraph shall result in the dismissal of the petition, unless the failure to provide it was due to the unavailability of the evidence at that time.

*Ramsey,* 566 N.W.2d 702 (Minn.1997), but Minn.Stat. section 278.05, subd. 6(a) (1996) creates a rather harsh result when the county has not shown any prejudice and all the required information was provided on the 78th day after the filing.

PAGE, Justice (concurring specially).

I join in the special concurrence of Justice Gilbert.