**KMART CORPORATION, Relator,**

**v.**

**COUNTY OF ST. LOUIS, Respondent.**

**Nos. C7–01–446, C9–01–447, C0–01–448.**

Supreme Court of Minnesota.

Feb. 28, 2002.

*Kmart Corp. v. County of Douglas*, No. C7–00–309, 2001 WL 40361, at *4, n. 2 (Minn. T.C. Jan. 11, 2001).

Thomas R. Wilhelmy, Laurie J. Miller, Minneapolis, Relator's Attorney(s).

Alan L. Mitchell, St. Louis County Attorney, Barbara A. Russ, Michael R. Dean, Duluth, Respondent's Attorney(s).

BLATZ, Chief Justice.

## OPINION

This consolidated property tax appeal raises the question of the sufficiency of income information relator provided pursuant to Minn.Stat. § 278.05, subd. 6(a) (2000), the 60–Day Rule. The tax court ruled that the income information provided within the statutory deadline was insufficient and dismissed relator's chapter 278 petitions for failure to comply with the statute. We affirm.

Relator Kmart Corporation filed chapter 278 petitions on March 31, 2000, contesting the 1999 assessed value of three leased properties operated by Kmart in St. Louis County, Minnesota: a store in Virginia, another on Mall Drive in Duluth, and a third on Central Avenue in Duluth.

Minnesota Statutes § 278.05, subd. 6(a) requires that all petitioners challenging assessments for income-producing property provide the county with information, "including income and expense figures, verified net rentable areas, and anticipated income and expenses * * * within 60 days after the petition has been filed under this chapter." Kmart timely provided the county with a lease summary for each store, and copies of pertinent sections of each lease. This information disclosed that Kmart's lease at each of the three stores provided for an annual minimum rent, but also contained a provision commonly known as a percentage rent clause, requiring additional rent if Kmart's gross retail sales for the year exceeded a specified amount. Each lease also contained another provision known as a property-tax off-set clause, or real-estate-tax adjustment clause. Under this provision any additional rent that might be payable under the percentage rent clause would be off-set if Kmart's real estate taxes for that year exceeded a specified level. Kmart did not provide any information specifying the actual rent paid or whether the percentage rent clauses or property tax off-set clauses were triggered.

Respondent St. Louis County filed motions to dismiss each property tax petition, arguing that the information timely provided by Kmart was incomplete. The county asserted that the information provided by Kmart did not meet the requirements of the 60–Day Rule because the information did not indicate whether the percentage rent clauses and property tax off-set clauses had been triggered. Thus the county argued that it did not know and could not determine what rent was actually paid.

The tax court granted the county's motion to dismiss on January 11, 2001, concluding that the information provided was insufficient under Minn.Stat. § 278.05, subd. 6(a).[1] *Kmart Corp. v. County of St.*

---

1. In the same order the tax court also considered the county's motion to dismiss Kmart's

*Louis,* Nos. C1–00–600670, C3–00–600671, C8–00–600665, 2001 WL 40370 (Minn. T.C. January 11, 2001). Specifically, the court stated that the income information provided by Kmart was insufficient because it did not give the county necessary information to begin its appraisal of the properties. *Id.* at * 2.

This appeal turns on whether the income information provided by Kmart complied with the requirements of Minn.Stat. § 278.05, subd. 6(a), the 60–Day Rule, which states:

> Information, including income and expense figures, verified net rentable areas, and anticipated income and expenses, for income-producing property must be provided to the county assessor within 60 days after the petition has been filed under this chapter. Failure to provide the information required in this paragraph shall result in the dismissal of the petition, unless the failure to provide it was due to the unavailability of the evidence at that time.

*Id.*

The resolution of this appeal is guided by our holdings in *Kmart Corp. v. County of Becker,* 639 N.W.2d 856 (Minn. 2002), and *Kmart Corp. v. County of Douglas,* 639 N.W.2d 863 (Minn. 2002), decided today. In these cases we held that the 60–Day Rule has not been satisfied when the taxpayer subject to a lease containing a contingent clause did not disclose what rent was in fact paid. The reasoning set forth in *Becker County* and *Douglas County* applies to the present matter.

Here, although Kmart timely provided St. Louis County with general lease information, it never disclosed the amount of rent it actually paid for the property. Further, unlike in *Douglas County* and *Becker County,* Kmart's gross retail sales in each St. Louis County store exceeded the amount specified in each lease's percentage rent clause.[2] Thus the percentage rent clause in each of the St. Louis County leases was triggered. In addition to the insufficient information, the fact that gross sales exceeded the amount specified in the lease is relevant and pertinent information to the assessor in valuing the property, independent of its effect on the actual rent paid.

Thus we hold that Kmart's failure to disclose sufficient information about what rent was actually paid violates the letter and the spirit of the 60-Day Rule. *See Kmart v. County of Becker,* 639 N.W.2d 856, 861 (Minn. 2002). While the county later learned that Kmart owed no additional rent in two of the three St. Louis stores because of the property tax off-set clause, the county did not and could not have known this within the 60–day period based on the information provided by Kmart. Further, the county did not know whether additional rent was paid for the Virginia

---

chapter 278 petition concerning a fourth Kmart property in St. Louis County, the Hibbing store. This appeal does not concern the Hibbing store.

2. The triggering of the percentage rent clause did not automatically result in additional rent owed, because another contingency clause-the real estate tax adjustment provision-might off-set the additional rent that would be owed. For the two Duluth stores, operation of the real estate tax adjustment clause completely off-set any additional rent. Thus zero additional rent was owed over and above the base rent stated in the lease summary for the two Duluth stores. As to the Virginia store, the record is clear the percentage rent clause was triggered, but it is not clear whether the additional rent was off-set by any real estate tax adjustments. Moreover, the record does not reflect whether Kmart actually paid additional rent, over and above the minimum rent, for that store.

store. Accordingly, Kmart did not comply with the requirements of the 60–Day Rule.

The decision of the tax court to dismiss each of these cases is affirmed.

Affirmed.