KMART CORPORATION, Relator,

v.

COUNTY OF DOUGLAS, Respondent.

No. C5–00–2122.

Supreme Court of Minnesota.

Feb. 28, 2002.

Thomas R. Wilhelmy, Laurie J. Miller, Fredrikson & Byron, P.A., Minneapolis, MN, for Relator.

Christopher D. Karpan, Douglas County Attorney, Daniel Clark Lee, Alexandria, MN, for Respondent.

## OPINION

BLATZ, Chief Justice.

This property tax appeal raises the question of the sufficiency of income information relator provided pursuant to Minn. Stat. § 278.05, subd. 6(a) (2000), the 60-Day Rule. The tax court ruled that the income information provided within the 60-day deadline was insufficient and dismissed relator's chapter 278 petition for failure to comply with the statute. Because the tax court did not err in applying the clear language of the 60-Day Rule to the undisputed facts, we affirm.

Relator Kmart Corporation leases space for and operates a retail store in a shopping center in Alexandria, Minnesota. On March 30, 2000, Kmart filed a chapter 278 petition challenging the Douglas County assessor's January 2, 1999 valuation of that property. Minnesota Statutes § 278.05, subd. 6(a) requires that all petitioners challenging assessments for income-pro-

ducing property provide the county with information, "including income and expense figures, verified net rentable areas, and anticipated income and expenses * * * within 60 days after the petition has been filed under this chapter." *Id.* Kmart timely provided the county with a lease summary and copies of pertinent sections of its lease. This information disclosed that Kmart's lease provided for an annual minimum rent, but also contained a provision known as a percentage rent clause, requiring additional rent if Kmart's gross retail sales for the year exceeded a specified amount. Kmart did not provide other information specifying the actual rent paid or whether the percentage rent clause was in fact triggered.

Respondent Douglas County filed a motion to dismiss the petition on August 7, 2000, arguing that the information provided by Kmart was insufficient on three grounds: (1) that it failed to provide information about the expenses of the property; (2) that it failed to provide income or expense information for neighboring properties;[1] and (3) that it failed to provide complete income information to allow determination of rent paid. The tax court granted the county's motion on the basis that Kmart failed to supply any information regarding expenses for the property. *Kmart Corp. v. County of Douglas*, No. C7–00–309, 2000 WL 1526312 (Minn. T.C. Oct. 9, 2000). The court did not address the other two grounds for dismissal raised by the county in its motion to dismiss. *Id.* at *2. On November 22, 2000, Kmart moved to reconsider the tax court's decision, arguing that the court had misunderstood Kmart's position as to expense information.[2]

---

1. Kmart owned the neighboring properties until 1989.

2. In response to Kmart's motion to reconsider, the county did not raise its second ground

for dismissal regarding provision of information for neighboring properties, but instead relied on the third ground for dismissal,

On January 11, 2001, the tax court granted Kmart's motion to reconsider in part, and reversed its earlier order that had concluded that Kmart did not provide required expense information. *Kmart Corp. v. County of Douglas*, No. C7–00–309, 2001 WL 40361 (Minn. T.C. Jan. 11, 2001). Nonetheless, the court dismissed Kmart's petition because the court concluded that Kmart provided insufficient income information regarding rent paid, the third ground that Douglas County set forth in its August 4, 2000 motion to dismiss. It is this ruling that is now on appeal.

■ Our review of decisions of the tax court is limited to whether the tax court had jurisdiction, whether its decision was justified by the evidence and in conformity with the law or whether it committed an error of law. Minn.Stat. § 271.10 (2000). When the parties do not dispute the relevant facts, as here, we review legal issues de novo. *BFW Co. v. County of Ramsey*, 566 N.W.2d 702, 704 (Minn.1997).

■ This appeal turns on whether the income information provided by Kmart complied with the requirements of the 60-Day Rule, which states:

> Information, including income and expense figures, verified net rentable areas, and anticipated income and expenses, for income-producing property must be provided to the county assessor within 60 days after the petition has been filed under this chapter. Failure

to provide the information required in this paragraph shall result in the dismissal of the petition, unless the failure to provide it was due to the unavailability of the evidence at that time.

Minn.Stat. § 278.05, subd. 6(a).

This issue is squarely addressed and decided in the companion case filed today, *Kmart Corp. v. County of Becker*, 639 N.W.2d 856 (Minn. 2002). In *Becker County* we held that Minn.Stat. § 278.05, subd. 6(a) is not satisfied when the taxpayer merely provides a lease and lease summary stating the amount of minimum rent required, where contingent clauses in the lease make the amount of actual rent unclear, and the taxpayer does not disclose how much rent in fact was paid. *Id.* (op. at 860 – 861. The reasoning set forth in *Becker County* applies to the facts of this case.

Here, although Kmart timely provided Douglas County with its lease information, disclosing the annual minimum rent and the terms of the percentage rent clause, it never disclosed the amount of rent it actually paid. While the county later learned that Kmart's gross retail sales in 1999 did not exceed the specified amount triggering the percentage rent clause, the county did not and could not have known this within the 60-day period based on the information provided by Kmart. Without this information, as Kmart acknowledged at the tax court hearing,[3] the assessor could not begin the valuation process.

---

Kmart's failure to provide complete income information.

**3.** At the hearing before the tax court, counsel for Kmart conceded this point.
Question by the Court: In order for an appraiser * * * to make any beginning at a decision as to the value of this property, they need to have—and this is the reason for the 60 day statute—they need to have the actual rent paid, wouldn't they?

Kmart's counsel: Yes, they would. And by giving them the base rent, we did give them the actual rent paid.
Court: But they didn't know that, because you didn't give them the rest of the information.
Counsel: Right. Yes, Your Honor. We knew that, when we turned over what we did. They didn't know that.

▮ In so ruling, we recognize the importance of a speedy resolution to assessment disputes. The legislature has made clear that a chapter 278 petition must be adjudicated promptly. Minn.Stat. § 278.05, subd. 1 (2000). Delays in adjudication have obvious adverse impacts on taxing authorities' ability to set levies and establish budgets. Accordingly, we continue to strictly enforce the 60–Day Rule in order to advance the legislative purpose of an adequate, speedy and simple remedy. *BFW*, 566 N.W.2d at 705. The decision of the tax court to dismiss the case on the basis of Kmart's failure to meet the requirements of the 60-Day Rule is affirmed.

Affirmed.

PAGE, Justice (dissenting).

For the reasons stated in my dissent in *Kmart Corp. v. County of Becker*, 639 N.W.2d 856 (Minn. 2002), I dissent.

*Kmart Corp. v. County of Douglas*, No. C7–00–309, 2001 WL 40361, at *4, n. 2 (Minn. T.C. Jan. 11, 2001).