**78TH STREET OWNERCO,
LLC, Relator,**

v.

**COUNTY OF HENNEPIN, Respondent.**

**No. A11–0128.**

Supreme Court of Minnesota.

May 16, 2012.

Thomas R. Wilhelmy, Judy S. Engel, Fredrikson & Byron, P.A., Minneapolis, MN, for relator.

Michael O. Freeman, Hennepin County Attorney, Lisa C. Hahn–Cordes, Assistant County Attorney, Minneapolis, MN, for respondent.

## OPINION

PAGE, Justice.

Relator 78th Street OwnerCo, LLC (78th Street), filed petitions contesting respondent Hennepin County's assessments of its property for property taxes payable in 2008 and 2009, along with the taxes due in 2008 and 2009.[1] 78th Street is the owner and landlord of the property identified by the County with Property Identification Number 16–116–21–21–0005 and located at 5601 78th Street West, in Bloomington, Minnesota. The property is the site of the Sofitel Hotel. 78th Street LeaseCo, LLC, and 78th Street are subsidiaries of the same ownership entities. One of the intermediate investors in 78th Street is a real estate investment trust (REIT), which invests in 78th Street LeaseCo through what is known as a taxable REIT subsidiary. 78th Street LeaseCo leases the property from 78th Street pursuant to a March 30, 2006, hotel lease. The county assessor assessed the property for real estate taxes payable in 2008 and 2009 with assessments on January 2, 2007, and January 2, 2008, respectively.[2] 78th Street filed a petition in Hennepin County district court for each year, alleging that the property had been "unfairly and unequally assessed . . . [b]ased on comparison[s] with property of the same class and in comparable localities." After receiving each petition, the City of Bloomington assessor's office, while not required to do so, sent a letter to 78th Street's counsel requesting, among other items, lease summaries and a rent roll/tenant list as of January 2, 2005, 2006, and 2007.[3] As part of the petition process, 78th Street was required by Minn.Stat. § 278.05, subd. 6(a) (2008), and Minn.Stat. § 278.05, subd. 6(a) (2006),[4] to provide certain documentation within 60 days of filing its petition to assist the County in evaluating the property's value. Failure to submit required documentation within 60 days results in automatic dismissal of the petition. Minn.Stat. § 278.05, subd. 6(a) (2008); Minn.Stat. § 278.05, subd. 6(a) (2006).

The January 2, 2007, assessment is governed by Minn.Stat. § 278.05, subd. 6(a) (2006), which is the version of the statute enacted in 2003. Under that section, 78th Street was required, when contesting valuation, to submit "[i]nformation, including income and expense figures, verified net rentable areas, and anticipated income and expenses, for income-producing propert[ies]" by June 29, 2008. Minn.Stat. § 278.05, subd. 6(a) (2006). On June 27, 2008, 78th Street submitted: (1) profit and loss statements, including budget forecast amounts; (2) 2007 and 2008 operating budgets; and (3) asset register and depreciation reports. These documents included line-item reports of lease payments. The documents did not include the lease itself

1. 78th Street filed a petition contesting the 2010 property taxes on the subject property, and the County moved to dismiss the appeal. That petition was dismissed on different statutory grounds and is not part of this appeal.

2. We refer to the petitions hereinafter by the date they were assessed, not the date the taxes were due.

3. While each Minnesota county assesses and collects property taxes, many administrative parts of the petition process are conducted by city assessment offices within each county. For ease of reference, we refer to all communications as being from the County.

4. Minnesota Statutes § 278.05, subd. 6(a), is commonly referred to as the 60–day rule. The statute has since been amended. *See* Act of May 27, 2011, ch. 112, art. 11, § 9, 2011 Minn. Laws 1st Spec. Sess. 593, 601–03 (to be codified at Minn.Stat. § 278.05, subd. 6 (2012)). For ease of reference, we refer to the rule in general as the 60–day rule and the relevant version of the statute for each petition by noting the relevant statutory date.

or a calculation of percentage rent paid. In its submission, 78th Street also contended that Minn.Stat. § 278.05, subd. 6(a) (2006), did not require production of all of the information requested by the County.

The January 2, 2008, assessment is governed by Minn.Stat. § 278.05, subd. 6(a) (2008). Pursuant to that section, 78th Street was required to submit by June 29, 2009, information that included

> income and expense figures in the form of (1) year-end financial statements for the year prior to the assessment date, (2) year-end financial statements for the year of the assessment date, and (3) rent rolls on the assessment date including tenant name, lease start and end dates, option terms, base rent, square footage leased and vacant space, verified net rentable areas in the form of net rentable square footage of the building or buildings, and anticipated income and expenses in the form of proposed budgets for the year subsequent to the year of the assessment date.

Minn.Stat. § 278.05, subd. 6(a) (2008).

On June 29, 2009, 78th Street submitted: (1) profit and loss statements, including budget forecast amounts; (2) operating budgets; and (3) asset register and depreciation reports. These documents included line items for lease payments and budgets including lease payment amounts. The documents did not include the lease, a rent roll/tenant list, or any calculation of percentage rent paid. On July 1, 2010, well after June 29, 2009, 78th Street finally submitted a copy of the lease.

78th Street's petitions were consolidated and transferred to the tax court. Subsequently, the County moved to dismiss both petitions for failure to comply with the 60–day rule, arguing that each petition should have included a copy of 78th Street's lease and a calculation of percentage rent paid, but did not, and that the 2008 petition

should have included a rent roll/tenant list, but did not. 78th Street contested the motions to dismiss with an affidavit from its own expert, whose opinion was that the lease was not relevant to an assessment of market value of the Sofitel Hotel.

After a hearing on the motion, the tax court agreed with the County and dismissed the petitions. In its order, the tax court held that the information at issue was necessary under the "broad relevancy" language of *Irongate Enters., Inc. v. Cnty. of St. Louis*, 736 N.W.2d 326 (Minn. 2007), and that there was information in the lease that could be relevant to calculation of rental income. 78th Street then moved for amended findings of fact and conclusions of law, arguing, among other things, that the court's ruling rendered the 60–day rule unconstitutionally vague.

Before the tax court issued its ruling on 78th Street's motion for amended findings, 78th Street petitioned our court for a writ of certiorari, arguing: (1) that 78th Street was not required to submit leases with either the 2007 or the 2008 petitions in order to comply with the 60–day rule; (2) that 78th Street was not required to submit a rent roll/tenant list with the 2008 petition in order to comply with the 60–day rule; (3) that 78th Street was not required to submit percentage rent calculations for either the 2007 or the 2008 petitions in order to comply with the 60–day rule; and (4) that the tax court's decision rendered the 60–day rule unconstitutionally vague as applied to 78th Street. We discharged the writ of certiorari and remanded the case to allow the tax court to rule on 78th Street's pending motion, which the tax court eventually denied. In denying 78th Street's motion with respect to the argument that the tax court's November 23 order rendered the 60–day rule unconstitutionally vague, the tax court held that 78th Street's vagueness argument was not properly be-

fore the tax court because it had not been raised at the initial hearing on the County's motion to dismiss. After the tax court denied 78th Street's motion, we reinstated the appeal and now affirm.

## I.

78th Street contends that the tax court erred in requiring submission of the lease and percentage rent information for both the 2007 and 2008 petitions and in requiring submission of a rent roll/tenant list for the 2008 petition because none of the information requested was relevant to the assessment of the property value of the Sofitel Hotel. 78th Street also contends that the tax court's ruling requiring 78th Street to produce such information renders the 60–day rule unconstitutionally vague as applied. The County argues that all of the information requested was available to 78th Street and thus should have been produced under the 60–day rule, even if that information might not allow the county assessor to reach a final conclusion regarding the property's value. The County argues that 78th Street's vagueness argument fails for two reasons: (1) it was not preserved for argument at the tax court; and (2) the statute is not vague.

When the facts are undisputed, we review questions of statutory interpretation and the tax court's rulings of law on a de novo basis. *Kmart Corp. v. Cnty. of Stearns,* 710 N.W.2d 761, 765 (Minn.2006); *BFW Co. v. Cnty. of Ramsey,* 566 N.W.2d 702, 704 (Minn.1997). Constitutional challenges to a statute also receive de novo review. *ILHC of Eagan, LLC v. Cnty. of Dakota,* 693 N.W.2d 412, 421 (Minn.2005).

We have held that the 60–day rule, as set out in the pre–2008 version of Minn. Stat. § 278.05, subd. 6(a), is designed "to provide information [to a county] that would be useful to the determination of value," and to provide "an adequate, speedy, and simple remedy" to petitioners who wish to contest a county's assessment of property taxes. *Kmart Corp. v. Cnty. of Becker,* 639 N.W.2d 856, 859–60 (Minn. 2002). We have noted that the rule contains a broad standard of relevancy that requires a petitioner to provide "all information to which the petitioner has access, even if that information might not allow the county assessor to reach a final conclusion regarding the property's value." *Irongate Enters., Inc. v. Cnty. of St. Louis,* 736 N.W.2d 326, 331 (Minn.2007) (quoting *BFW,* 566 N.W.2d at 705) (internal quotation marks omitted). We have upheld the penalty of dismissal for failure to timely submit required information. *Cnty. of Becker,* 639 N.W.2d at 861. Moreover, in *BFW* we held that the ultimate determination of whether information is relevant to the calculation of property taxes is not the proper standard for disclosure; rather, the taxpayer must disclose all information to which it has access so that a county can conduct a thorough and accurate assessment. *See BFW,* 566 N.W.2d at 705.

We first discussed the "broad relevancy standard" of the 60–day rule in *BFW.* We held that the 60–day rule requires a petitioner to provide the county assessor with all information within the petitioner's possession. 566 N.W.2d at 703. We explained:

> [T]he statute clearly requires the petitioner to provide all information to which the petitioner has access, even if that information might not allow the county assessor to reach a final conclusion regarding the property's value. To put it another way, we hold that the statute's text requires the petitioner to provide all information within its possession, even though the petitioner deems certain portions of that information to be incomplete or not fully accurate.

*Id.* at 705.

In upholding the tax court's dismissal of the taxpayer's petition in *Irongate,* we

again held that, although Minn.Stat. § 278.05, subd. 6(a), did not expressly require that a lease be provided, the fact that lease information would be necessary in order to calculate income and expenses, and thus the property's value, meant that the petitioner was on notice to provide the information. 736 N.W.2d at 330–31. We pointed out that the "broad relevancy standard" of the statute, "at the very least, contemplates that petitioners provide all information in the possession of petitioners bearing on the income and expenses attributable to the property, in addition to the ... enumerated categories of information in the 60–day rule." *Id.* at 331.

Previous cases involving the failure to disclose information and the 60–day rule have all involved situations in which a county argued that information was potentially relevant and the petitioner did not specifically contest such relevance. *See, e.g., Cnty. of Stearns,* 710 N.W.2d at 766–67 (concluding information found in the nondisclosed tenant-paid real estate expenses was necessary in order to determine the allocation of expenses between owners and tenants); *Cnty. of Becker,* 639 N.W.2d at 860–61 (strictly interpreting the 60–day rule to require disclosure of business income even though the income was ultimately irrelevant to the amount of rent paid); *Kmart Corp. v. Cnty. of Douglas,* 639 N.W.2d 863, 865–66 (Minn.2002) (concluding same); *Kmart Corp. v. Cnty. of St. Louis,* 639 N.W.2d · 866, 868 (Minn.2002) (concluding same).

Here, 78th Street argues that it need not disclose information because it deems that information irrelevant. With respect to the 2007 petition, the question is whether a petitioner may refuse to disclose percentage rent information because the petitioner concludes the information is not relevant for purposes of valuation. With respect to the 2008 petition, the question is whether relevancy limits the requirement that a petitioner provide all information to which the petitioner has access.

## II.

■ We first consider whether, with respect to the 2007 petition, 78th Street was required to submit percentage rent information in order to comply with the 60–day rule under Minn.Stat. § 278.05, subd. 6 (2006). The County argues that 78th Street provided information regarding total rent paid for the year 2007, but did not disclose the base rent, percentage rent paid, or mechanism for determining percentage rent. 78th Street argues that, in providing the total rent paid, it provided sufficient information for the County to determine property valuation. 78th Street further argues that base rent, percentage rent paid, and the mechanism for determining percentage rent are not relevant to the property tax valuation of a hotel, which should be calculated by totaling room revenues and ancillary revenue sources.

■ Pursuant to *BFW Co. v. Cnty. of Ramsey,* 78th Street was required to provide the county assessor all information within its possession. 566 N.W.2d 702, 703 (Minn.1997). A petitioner may not refuse to provide information based on its own assessment that such information is inaccurate or incomplete and thus unhelpful to valuation. *Id.* at 705. We have explicitly applied this requirement as requiring disclosure of percentage rent as relevant to property valuation. *See Kmart Corp. v. Cnty. of Becker,* 639 N.W.2d 856, 860 (Minn.2002) (affirming the tax court's grant of a motion to dismiss for failure to comply with the 60–day rule when Kmart disclosed the annual minimum rent and mechanism for calculating percentage rent, but did not disclose actual rent paid or whether the percentage rent ˙ clause was

triggered). 78th Street concedes that it had information about its base rent, percentage rent paid, and the mechanism for determining percentage rent available.

78th Street's argument that it provided sufficient information for the county assessor to evaluate its property tax burden is unavailing. 78th Street did not disclose that it paid rent pursuant to a related-party lease, or even that its lease agreement was subject to calculations of percentage rent. Thus, even if 78th Street is correct that the method for calculating percentage rent information is not relevant to the calculation of property tax for its hotel property, 78th Street was still required to disclose the information so that the County had the "necessary information to begin its appraisal of the propert[y]." *Kmart Corp. v. Cnty. of St. Louis,* 639 N.W.2d 866, 868 (Minn.2002). To allow 78th Street to decline to provide this information because it believes the information is irrelevant would impermissibly shift the burden of proof in 78th Street's tax appeal to the County. *See Cnty. of Becker,* 639 N.W.2d at 860. Accordingly, we affirm the tax court's dismissal of 78th Street's 2007 petition for failure to provide percentage rent information in a manner that allowed the County to meaningfully interpret 78th Street's "income and expense figures" under Minn.Stat. § 278.05, subd. 6(a) (2006).

The County also argues that 78th Street's 2007 petition is deficient because it did not include a lease. Because we conclude that the tax court did not err in dismissing 78th Street's petition for failure to disclose percentage rent information under Minn.Stat. § 278.05, subd. 6(a) (2006), we need not, and do not, address this claim.

### III.

■ We next consider whether, with respect to the 2008 petition, 78th Street was required to produce a rent roll under Minn.Stat. § 278.05, subd. 6(a) (2008). The text of subdivision 6(a) explicitly requires that a petitioner provide "rent rolls on the assessment date including tenant name, lease start and end dates, option terms, base rent, square footage leased and vacant space, verified net rentable areas in the form of net rentable square footage of the building or buildings."

Here, it is undisputed that 78th Street does not maintain and does not have a specific document called a "rent roll," but did have in its possession information related to tenant name, lease start and end dates, option terms, base rent, square footage leased, vacant space, and verified net rentable areas. 78th Street disclosed square footage and rentable area information, but did not disclose tenant name, lease start and end dates, option terms, and base rent within the 60-day period. 78th Street argues that because such information is not relevant to property valuation, it should not be required to disclose such information under the 60-day rule. Alternatively, 78th Street argues that the information was "unavailable" under Minn. Stat. § 278.05, subd. 6(a) (2008), because it did not maintain a document called a "rent roll."

■ As we noted above, under *BFW Co. v. Cnty. of Ramsey,* the broad standard of relevancy requires that the petitioner disclose all information in its possession and may not decline to provide that information simply because of its own assessment that such information is inaccurate or incomplete. 566 N.W.2d 702, 705 (Minn. 1997). While 78th Street is not required to create documents in order to satisfy the requirements of subdivision 6(a), the fact that it does not maintain a rent roll does not excuse it from having to provide the information in its possession that would be included as part of a "rent roll." 78th

Street disclosed some of the required information (square footage and rentable area information), but not all of it (tenant name, lease start and end dates, option terms, and base rent). 78th Street concedes that it maintained information relating to tenant names, lease start and end dates, option terms, and base rent, and that such information was contained within 78th Street's lease. Thus, the information was available, and 78th Street was required to provide it by the plain language of subdivision 6(a). Because 78th Street had in its possession but failed to provide all of the statutorily required information, we affirm the tax court's decision dismissing 78th Street's 2008 petition.

The County also argues that 78th Street's 2008 petition is deficient because it did not include a lease. Because we conclude that the tax court did not err in dismissing 78th Street's petition for failure to disclose rent roll information under Minn.Stat. § 278.05, subd. 6(a) (2008), we need not, and do not, address this claim.

## IV.

■ Finally, 78th Street argues that the tax court's decision renders Minn.Stat. § 278.05, subd. 6(a), unconstitutionally vague as applied to 78th Street. The County argues that this claim fails both because it was not preserved for argument at the tax court and because the statute is not vague. We agree with the County that the statute is not vague.

■ We review challenges to the constitutionality of a statute de novo. *ILHC of Eagan, LLC v. Cnty. of Dakota,* 693 N.W.2d 412, 421 (Minn.2005). In doing so, we "presume statutes to be constitutional and exercise the power to declare a statute unconstitutional 'with extreme caution and only when absolutely necessary.'" *Irongate Enters., Inc. v. Cnty. of St. Louis,* 736 N.W.2d 326, 332 (Minn.2007)

(quoting *In re Haggerty,* 448 N.W.2d 363, 364 (Minn.1989)). "The party challenging a statute's constitutionality bears the burden of establishing that the statute is unconstitutional beyond a reasonable doubt." *Id.*

With respect to the County's argument that the constitutional claim is not properly before us, 78th Street contends that there was no basis for its constitutional claim until the tax court rejected its petition. The tax court lacks jurisdiction to hear constitutional claims unless such claims are transferred to it pursuant to *Erie Mining Co. v. Comm'r of Revenue,* 343 N.W.2d 261, 264 (Minn.1984). Here, no party requested that the tax court transfer the case back to the district court for consideration of the constitutional issue, and the tax court did not do so on its own motion. Notwithstanding the fact that no effort was made to comply with the *Erie* requirements, we will consider the issue here, when the issue did not arise until after the tax court's decision, and 78th Street promptly raised it in its motion for amended findings, and the issue was briefed without surprise or disadvantage to the County. *See Gonzales v. Comm'r of Revenue,* 706 N.W.2d 909, 911 (Minn.2005) (noting that our court has jurisdiction to hear constitutional claims even if the tax court does not).

The argument that requiring 78th Street to provide information under the 60–day rule despite irrelevance renders the statute unconstitutionally vague as applied is similar, if not identical, to the constitutional vagueness issue raised in *Irongate. See Irongate Enters., Inc.,* 736 N.W.2d at 332. In *Irongate,* we held that Minn.Stat. § 278.05, subd. 6(a) (2006), was not unconstitutionally vague. 736 N.W.2d at 332. 78th Street fails to identify any meaningful differences between its challenge here and the constitutional challenge in *Irongate.*

Additionally, 78th Street's argument that the rent roll requirement under Minn.Stat. § 278.05, subd. 6(a) (2008), is vague fails as well. In the case of the 2008 statute, *Irongate* is bolstered by the increased specificity of the statutory text since *Irongate* was decided. A requirement that the 60–day rule will be enforced for failure to disclose rent roll information that is specifically enumerated in the statute is not vague, and strict enforcement of the statute is both commonly understood and settled by our prior case law. *See Irongate Enters., Inc.*, 736 N.W.2d at 333. As a result, 78th Street has not proven beyond a reasonable doubt that either version of the 60–day rule is unconstitutional.

Affirmed.

ANDERSON, Paul H., Justice (dissenting).

I respectfully dissent. I disagree with the conclusion and holding of the court. I would reverse the tax court, allow relators 78th Street Owner Co., LLC, to provide any additional information requested and then have this tax appeal heard on its merits. The reasons for my dissent are basically the same as those set forth in my dissents in *Irongate Enters., Inc. v. Cnty. of St. Louis*, 736 N.W.2d 326 (Minn.2007), and *Kmart Corp. v. Cnty. of Stearns*, 710 N.W.2d 761 (Minn.2006).